IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BYRON KING and CAITLIN STEVENS,<br><br>Plaintiffs,<br>v.<br><br>ON THE RECORD, INC., and DOES 1-25,<br><br>Defendants. | Case No. 12-cv-6271 JSC<br><br>**ORDER GRANTING PLAINTIFFS'**<br>**MOTION FOR CONDITIONAL**<br>**CERTIFICATION (Dkt. No. 34)** |

In this Fair Labor Standards Act (FLSA) case, Plaintiffs allege that Defendants unlawfully denied "Case Manager" employees overtime and compensation for missed meal and rest breaks due to their misclassification as exempt employees. Now pending before the Court is Plaintiff's motion for conditional certification of a collective action. (Dkt. No. 34.) In support of their Reply, Plaintiffs' submitted new evidence. As a result, at the January 16, 2014 hearing on Plaintiffs' motion the Court gave Defendant leave to file a supplemental response should it choose to do so, provided it do so within the week. (Dkt. No. 40.)

Defendant apparently chose not to file anything written in addition to the arguments made at the hearing and the motion is now submitted. Because Plaintiffs have made an adequate showing that they are similarly situated to the other five to seven (at most) Case Managers in the putative class, the Court GRANTS Plaintiffs' motion.

## BACKGROUND

During the liability period, Defendant employed approximately 12 to 15 people in three offices. (Dkt. No. 39-1 at 23-24.) Plaintiff Byron King has been employed as a Case Manager for Defendant since 2004, while Plaintiff Caitlin Stevens held the position from April 2010 to May 2012. Case Managers provide "media support for law firms," with responsibilities such as "setting up and operating media equipment . . . during trials, sync deposition transcripts to video, and converting computer files." (Dkt. No. 34 at 3.) Although Plaintiffs had a 9-to-5 schedule, they allege they were required to work outside of those hours, including working later or responding to work-related emails at home. When the attorneys they supported were working on a trial, Plaintiffs typically worked 16 hours a day without meal or rest breaks. The billing records Plaintiffs were required to submit "would not evidence the full extent of their hours" because they sometimes did not include the work outside of their 9-to-5 hours.

About five to seven other Case Managers worked for Defendant during the liability period of "December 11, 2009 and thereafter." (Dkt. No. 34 at 8.) According to Plaintiffs, the other Case Managers were subject to the same duties, as well as Defendant's expectations, time-keeping policies, and refusal to compensate for overtime. Plaintiff King worked alongside other Case Managers "during trials and spoke to them personally about their job duties." (Dkt. No. 39-2 ¶ 2.) He also "spoke with management about other Case Managers' job duties and was privy to numerous emails that management sent to all Case Managers in which management discussed Case Manager duties and expressed their expectations about our availability to work after normal office hours." (*Id.*) He was told by management that Case Managers were exempt form overtime pay. (*Id.*)

Plaintiffs bring this lawsuit for unpaid overtime and compensation for missed meal and rest breaks based on their classification as exempt employees.

## LEGAL STANDARD

Under the FLSA, employers must pay their employees a minimum wage and overtime wages for hours worked in excess of forty per week. *See* 29 U.S.C. §§ 206, 207. If an employer fails to do so, an aggrieved employee may bring a collective action on behalf of "similarly situated" employees based on their employer's alleged violations of the FLSA. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). The decision as to whether to certify a collective action is within the discretion of the district court. *Adams v. Inter–Con Sec. Sys.*, 242 F.R.D. 530, 535 (N.D. Cal. 2007). Plaintiff bears the burden of showing that the putative collective action members are "similarly situated." *Adams*, 242 F.R.D. at 535-36.

Although the FLSA does not define "similarly situated," federal courts in this District have generally adopted a two-step approach to determine whether to permit a collective action to proceed. *Hill v. R+L Carriers, Inc.*, 690 F.Supp.2d 1001, 1009 (N.D. Cal. 2010). The first step is the "notice stage," at which time the district court assesses whether potential class members should be notified of the opportunity to opt-in to the action. *Id.* At the second step, a party may move to decertify the class after the completion of discovery. If at that stage the court finds the opted-in class members are not similarly situated, "the court may decertify the class and dismiss opt-in plaintiffs without prejudice." *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007).

Only the first step is at issue on the pending motion. "This decision is based on the pleadings and affidavits submitted by the parties. The court makes this determination under a fairly lenient standard due to the limited amount of evidence before it. The usual result is conditional class certification." *Adam,* 242 F.R.D. at 536; *see also Otey v. CrowdFlower, Inc.*, 12-CV-05524-JST, 2013 WL 4552493 *2 (N.D. Cal. Aug. 27, 2013) ("The standard for certification at this stage is a lenient one that typically results in certification.") (quoting *Lewis v. Wells Fargo*, 669 F.Supp.2d 1124, 1127 (N.D. Cal. 2009)). Plaintiffs must "provide

3

1  'substantial allegations, supported by declarations or discovery, that 'the putative class
2  members were together the victims of a single decision, policy, or plan.'" *Luque v. AT&T*
3  *Corp.*, 09-05885 CRB, 2010 WL 4807088 *4 (N.D. Cal. Nov. 19, 2010) (quoting *Kress v.*
4  *PriceWaterhouseCoopers, LLP*, 263 F.R.D. 623, 629 (E.D. Cal. 2009)).

## DISCUSSION

6  Plaintiffs have met the lenient standard for conditional certification of an FLSA class.
7  Plaintiffs seek to conditionally certify a class of all persons employed by Defendant as "Case
8  Manager" at any time during the three years preceding the Court's order that notice be given
9  to the class members. Based on the evidence before the Court, there are approximately four to
10 seven such class members; indeed, Defendant employed fewer than 20 people in three offices
11 during this class period.

12 Plaintiff King's declarations alone are sufficient. He has worked for Defendant since
13 2004, and has worked with many Case Managers. Based on his own personal observations,
14 observations made while working directly with other Case Managers, reviewing emails, and
15 discussions with Defendant's management, he attests that the other Case Managers, including
16 those working from the other two offices, performed substantially similar job duties as did he
17 and Plaintiff Stevens. Further, all Case Managers were expected to be available and did work
18 after normal business hours, especially when they were assisting with trial. He further
19 declares that management represented to him that Case Managers are exempt from overtime.
20 He has also submitted Defendant's employee handbook. The handbook states:

> Exempt employees, such as those engaged in executive or professional capacities, are not covered by the overtime provisions and thus do not receive overtime pay. Overtime is often part of the litigation business. Working overtime should be expected, including nights, weekends and holidays.

25 (Dkt. No. 39-2 at 11.) This evidence is sufficient to satisfy Plaintiffs' burden at step
26 one of showing substantial similarity and that the class members were subject to a uniform
27 policy.

4

Defendant's objections to Plaintiffs' declarations (Dkt. No. 38) does not change the result.  First, the objections violated Civil Local Rule 7-3(a), which requires that "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or memorandum."  More importantly, however, the objections go to the weight--not the admissibility--of the testimony.  While there were holes in the declarations submitted initially with the motion to certify, Plaintiff King's reply declaration fills those gaps.  His testimony supports a reasonable and plausible inference that he would have knowledge of the job duties of other Case Managers and that those job duties are substantially similar to his own.  While this new evidence was submitted with the Reply, at oral argument the Court gave Defendant the opportunity to file a response, with evidence, if it desired.  It chose not to do so.  Indeed, it has not submitted any of its own evidence and does not in fact contend that the various Case Managers at issue did not have substantially similar job duties.  Accordingly, Plaintiffs' motion for conditional certification is GRANTED.

## CONCLUSION

For the reasons explained above, Plaintiffs' motion for conditional certification is GRANTED.  As Defendant has not lodged any objection to Plaintiff's proposed notice, the Court orders that such notice be given to all Case Managers employed by Defendant for the three years preceding today's date.

This Order disposes of Docket No. 34.

**IT IS SO ORDERED.**

Dated: January 24, 2014

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE